**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

RUBEN RODRIGUEZ,          )
                                  )
          **Petitioner,**        )
                                    )
**v.**                            )      **Case No. 16-CV-214-JED-FHM**
                                  )
**RODNEY REDMAN, Warden,**   )
                                  )
          **Respondent.**      )

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2241 habeas corpus action.[1] Petitioner, a state inmate appearing *pro se*, filed his petition (Doc. 1) on April 13, 2016. In response to the petition, Respondent filed a motion to dismiss petition for writ of habeas corpus as time barred (Doc. 15), along with a supporting brief (Doc. 16). Petitioner filed a response (Doc. 17). For the reasons discussed below, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice.

*BACKGROUND*

The record reflects that, on April 21, 1999, Petitioner entered a blind plea of guilty to Robbery With Firearms in Oklahoma County District Court, Case No. CF-1998-873. *See* Doc. 16-2. Petitioner was subsequently sentenced to twenty years imprisonment with all but the first five years suspended. *See* Docs. 16-3, 16-4.

On September 11, 2007, the State filed the first application to revoke Petitioner's suspended sentence (Doc. 16-6). Thereafter, the State filed at least two (2) amended applications to revoke,

---

[1]Petitioner prepared his petition using a form for seeking relief from an unconstitutional conviction under 28 U.S.C. § 2254. However, Petitioner is not challenging the validity of his conviction, entered in Oklahoma County District Court, Case No. CF-1998-873. Instead, Petitioner challenges the revocation of his suspended sentence. That claim is properly adjudicated under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

*see* Doc. 16-7, 16-8.  On January 21, 2014, Petitioner was charged with Possession of a Controlled Dangerous Substance With Intent to Distribute (Methamphetamine) (Count 1), and Use of a Surveillance Camera While In Commission of a Felony (Count 2), in Oklahoma County District Court, Case No. CF-2014-551.  *See* Doc. 16-10.  On February 3, 2014, another amended application to revoke was filed in Case No. CF-1998-873, alleging that Petitioner had violated the terms of his suspended sentence by committing the new crimes charged in Case No. CF-2014-551.  *See* Doc. 16-11.  A hearing on the amended application to revoke was held that sane day.  *See* Doc. 16-13; Doc. 1 at 10-73, Tr. App. Revoke Hr'g.  At the conclusion of the hearing, the State's amended application to revoke was granted and the trial court revoked ten (10) years of the suspended sentence.  *See* Doc. 16-13.  Petitioner was advised of his appeal rights, *see* Doc. 1 at 72.  However, Petitioner failed to appeal the trial court's order partially revoking the suspended sentence.

On December 2, 2014, Petitioner, while represented by counsel, filed a motion for judicial review.  *See* Doc. 16-1 at 21.  Through counsel, Petitioner and the prosecutor reached an agreement that, in exchange for revocation of the full 15 year suspended sentence in Case No. CF-1998-873, the charges filed in Case No. CF-2014-551 would be dismissed.  *Id.*  On January 30, 2015, the trial court judge approved the agreement and modified Petitioner's revoked sentence to fifteen (15) years.  *See* Doc. 16-14, 16-15.  On April 8, 2015, the State formally dismissed the charges filed in Case No. CF-2014-551.  *See* Doc. 16-16.

On June 8, 2015, Petitioner filed a *pro se* motion for appeal out of time, seeking to appeal the trial court's order partially revoking his suspended sentence.  *See* Doc. 16-17.  After the State filed a response to the motion (Doc. 16-18) and Petitioner filed a reply (Doc. 16-19), Petitioner filed, on February 8, 2016, a petition for writ of mandamus at the Oklahoma Court of Criminal Appeals

(OCCA) (Doc. 16-22).   On February 29, 2016, the OCCA declined jurisdiction, finding that Petitioner had failed to serve the adverse party (Doc. 16-23 at 4).

On April 13, 2016, Petitioner filed this 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1).  He raises one (1) ground of error, as follows:

> Ground 1:   The trial court lacked jurisdiction to revolk [sic] petitioner's sentence where the hearing on the state's application to revolk [sic] was outside the twenty-day time limit imposed by 22 O.S. § 991(b).

*See* Doc. 1 at 5.  In response to the petition, Respondent filed a motion to dismiss (Doc. 7), arguing that the petition is time barred.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).   In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.   § 2244(d)(2).

Under § 2244(d)(1)(A), Petitioner filed his habeas petition after expiration of the one-year limitations period.   Petitioner challenges the trial court's order entered February 3, 2014, partially revoking his suspended sentence, arguing that the trial court lacked jurisdiction because the hearing on the application to revoke was held outside the twenty (20) day time limit imposed by state law.   *See* Doc. 1 at 5.   The challenged order became final ten (10) days after entry, on February 13, 2014, when Petitioner failed to commence a revocation appeal.   *See* Rules 1.2(D)(4), 2.1(B), and 2.5(A), *Rules of the Oklahoma Court of Criminal Appeals*.   As a result, Petitioner's one-year limitations clock began to run on February 14, 2014, *see Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after Tuesday, February 17, 2015 (because February 14 was a Saturday and February 16 was a federal holiday), would be untimely.   *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The limitations period was tolled, or suspended, during the pendency of a "properly filed application for State post-conviction or other collateral review."   28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).   On December 2, 2014, during the one-year limitations period, Petitioner filed a motion for judicial review.   That motion remained pending until January 30, 2015, when the state district judge granted the request for sentence modification and revoked in full Petitioner's suspended sentence, per the agreement reached by Petitioner's counsel

4

and the prosecutor.  Thus, the motion for judicial review was pending for 59 days.  If Petitioner is entitled to statutory tolling for the time his motion for judicial review was pending, his limitations deadline is extended by 59 days from February 17, 2015, or to April 17, 2015.  *See Wall v. Kholi*, 562 U.S. 545 (2011).[2]

Petitioner also filed an application for post-conviction relief seeking a revocation appeal out of time.  However, Petitioner did not file his application until June 8, 2015, after the one-year limitations period had already expired.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, Petitioner's post-conviction proceeding does not toll the limitations period.

The Court specifically rejects Petitioner's argument, asserted in his response to the motion to dismiss (Doc. 17), that his one-year limitations period began to run on March 11, 2016, when the OCCA declined jurisdiction and dismissed his petition for writ of mandamus.  Petitioner claims that, as of that date, he had exhausted state remedies.  *Id.* at 2.  However, issuance of the OCCA's order declining jurisdiction did not trigger the commencement of the one-year limitations period.  Instead, as discussed above, the one-year period began to run when the order partially revoking Petitioner's suspended sentence became final, i.e., after he failed to commence a revocation appeal pursuant to state court procedural rules.  As determined above, Petitioner's one-year limitations period expired,

---

[2]In *Wall*, the Supreme Court held that a Rhode Island law similar to Okla. Stat. tit. 22, § 982a, qualified as an application for "collateral review" within the meaning of § 2244(d)(2).  *Wall*, 562 U.S. at 556. The Tenth Circuit Court of Appeals has found that, under the rationale of *Wall*, the pendency of a "properly filed" motion for judicial review tolled an Oklahoma prisoner's one year limitations period.  *Doby v. Dowling*, 632 F. App'x 485 (10th Cir. Dec. 4, 2015) (unpublished opinion cited for its persuasive value, *see* Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

at the latest, on April 17, 2015.  Therefore, unless Petitioner is entitled to equitable tolling, his petition for writ of habeas corpus, filed April 13, 2016, or approximately one (1) year after the deadline, is time barred.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling applies only in "rare and exceptional circumstances."  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Miller*, 141 F.3d at 978.

Petitioner does not claim to be entitled to equitable tolling and nothing in the record suggests a basis for equitable tolling.  Therefore, in the absence of "rare and exceptional circumstances," *Gibson*, 232 F.3d at 808, Petitioner is not entitled to equitable tolling

In summary, Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could

resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473 (2000) (citation omitted).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect.  A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 15) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice.**

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this matter.

**DATED** this 27th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE